# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Vetri Navy Yard, LLC,           :
              Petitioner      :
                           :
           v.               :    No. 499 M.D. 2017
                           :    Argued:  June 7, 2018
Department of Community and     :
Economic Development of the      :
Commonwealth of Pennsylvania,   :
              Respondent    :

BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
                 HONORABLE ANNE E. COVEY, Judge
                 HONORABLE DAN PELLEGRINI, Senior Judge

OPINION BY
JUDGE COHN JUBELIRER                 FILED:  July 16, 2018

Vetri Navy Yard, LLC (Vetri NY)[1] petitions for review of the September 27, 2017 Order of the Secretary of Community & Economic Development of the Commonwealth of Pennsylvania (Secretary),[2] related to Keystone Opportunity Zone (KOZ) tax benefits (KOZ benefits) that Vetri NY received between 2013 and 2015,

---

[1] Vetri NY is owned by, *inter alia*, Vetri Holdings, LLC, which is in turn owned, in part, by Marc Vetri.

[2] Vetri NY filed its Petition for Review (Petition) in both this Court's original and appellate jurisdiction, citing the Note to Rule 1501 of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1501 (stating, when appropriate, "counsel should draft the petition for review so as to satisfy the directives for both appellate and original jurisdiction proceedings"). The Department of Community & Economic Development of the Commonwealth of Pennsylvania (DCED) filed preliminary objections to the claims asserted in the original jurisdiction matter. Vetri NY filed an application requesting a stay of the original jurisdiction aspect of its Petition pending the resolution of the appellate aspect of the Petition. By Order dated January 12, 2018, we granted the application and stayed disposition of DCED's preliminary objections pending disposition of the appeal.

and KOZ benefits Vetri NY requested for 2016 under the Keystone Opportunity Zone, Keystone Opportunity Expansion Zone and Keystone Opportunity Improvement Zone Act[3] (Act). Vetri NY had constructed and operated a restaurant in the Philadelphia Navy Yard Keystone Opportunity Improvement Zone (Navy Yard KOZ) in 2013, for which it had received KOZ benefits. Vetri NY sold the restaurant to another business on January 30, 2016. Under Section 902(a) of the Act, when a "qualified business" "relocates" outside a KOZ within a certain time period, KOZ benefits are subject to recapture. 73 P.S. § 820.902(a). The Secretary's Order upheld a decision that, because of the sale of the restaurant, the KOZ benefits Vetri NY received were subject to recapture; Vetri NY was not entitled to a waiver of the recapture of those benefits; and Vetri NY was not entitled to any KOZ benefits for January 2016. On appeal, Vetri NY argues the Secretary erred or abused his discretion in holding it had "relocated" from the Navy Yard KOZ thereby triggering the Act's recapture provisions. Vetri NY also contends the Department of Community & Economic Development of the Commonwealth of Pennsylvania (DCED) could waive the recapture, and, at the very least, Vetri NY was entitled to KOZ benefits for January 2016 when it was actively operating its restaurant in the Navy Yard KOZ.

Because the Secretary's decision upholding the recapture of Vetri NY's KOZ benefits and the denial of the waiver of that recapture is consistent with the Act's terms and purpose, we affirm that portion of the Order. However, Vetri NY was a qualified business actively conducting business in the Navy Yard KOZ during the month of January 2016, which would entitle it to KOZ benefits for that month. Recapture of those benefits because of its relocation within three years would require

---

[3] Act of October 6, 1998, P.L. 705, *as amended*, 73 P.S. §§ 820.101-820.1308.

the return of only a percentage of the KOZ benefits it would receive for that month. We, therefore, reverse the Order to the extent that it denied Vetri NY's application for KOZ benefits for January 2016 in its entirety.

## I.     The Act

In 1998, the General Assembly passed the Act to aid economically and socially distressed communities that were "characterized by high unemployment, low investment of new capital, inadequate dwelling conditions, blighted conditions, underutilized, obsolete or abandoned industrial, commercial and residential structures and deteriorating tax bases."  Section 102(1) of the Act, 73 P.S. § 820.102(1).  The Act was intended to "restore prosperity" to these areas by authorizing DCED to create "keystone opportunity zones and keystone opportunity expansion zones" that encourage "coordinated efforts between private and public entities" to improve the "economic and social life of the Commonwealth."  Section 102(2), (3) of the Act, 73 P.S. § 820.102(2), (3).  The General Assembly found that "[l]ong-term economic viability of these areas requires the cooperative involvement of residents, businesses, State and local elected officials and community organizations" and is accomplished by "provid[ing] temporary relief from certain taxes within the zone[s]."  73 P.S. § 820.102(3).

The Act "combine[s] state and local tax benefits to provide virtually tax-free status," by giving qualified businesses located within a KOZ "exemptions, deductions, credits, and abatements [that can] . . . last for" the time the area is designated a KOZ.  Rachel A. Wilson et al., *State Enterprise Zone Programs: A Survey of the Benefits (Part III)*, Journal of Multistate Taxation and Incentives, 12-Aug. J. Multistate Tax'n 24, 31 (2002).  These state and local tax exemptions,

deductions, abatements or credits, set forth in Chapters 5 and 7 of the Act, include, but are not limited to: exemptions from the state sales and use tax and personal income tax; a credit against the corporate net income tax[4] "for tax liability attributable to business activity actively conducted within the subzone in the taxable year"; the abatement of 100 percent "of the real property taxation on the assessed valuation of deteriorated property" within a KOZ; and exemptions from local sales and use taxes, earned income and net profit taxes, as well as business privilege and mercantile license taxes. Sections 501, 511-512, 515-516, 702-705 of the Act, 73 P.S. §§ 820.501, .511-.512, .515-.516, .702-.705.

The Act's provisions and beneficial tax treatment are applicable only to a qualified person or business,[5] and, in the case of a business, it must be certified as qualified by DCED. Section 1306 of the Act, 73 P.S. § 820.1306. A "**qualified business**," under the Act, is one that is:

> authorized to do business in this Commonwealth which **is located** or partially located **within a subzone**, expansion subzone or improvement subzone **and is engaged in the active conduct of a trade or business** in accordance with the requirements of section 307 for the taxable year. An agent, broker or representative of a business is not engaged in the active conduct of trade or business for the business.

Section 103 of the Act, 73 P.S. § 820.103 (emphasis added). To qualify for KOZ benefits under the Act each year, a business is required to "own or lease real property in a subzone, improvement subzone or expansion subzone from which the business **actively conducts** a trade, profession or business." Section 307(a) of the Act, 73 P.S. § 820.307(a) (emphasis added). Additionally, the business must annually obtain

---

[4] *See* Article IV of the Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6, *as amended*, 72 P.S. §§ 7401-7412.

[5] Business is defined as "[a]n association, partnership, corporation, sole proprietorship, limited liability company or employer." Section 103 of the Act, 73 P.S. § 820.103.

4

"certification from [DCED] that the business is located and is in the active conduct of a trade, profession or business within" one of these zones in order to continue to qualify under Section 307.[6] *Id.* Certification is not transferable. Section 901 of the Act, 73 P.S. § 820.901.

The Act provides a means for a taxing authority to recover past KOZ benefits received by qualified businesses under certain circumstances by authorizing the "recapture" of a percentage of those benefits. Section 902(a) provides:

> **(a) General rule.**--**If any qualified business located within a subzone**, improvement subzone or expansion subzone has received an exemption, deduction, abatement or credit under this act and **subsequently relocates outside of the zone within the first five years** of locating in a subzone, improvement subzone or expansion subzone, **that business shall refund to the State and political subdivision which granted the exemption, deduction, abatement or credit received** in accordance with the following:
>
> (1) If a qualified business relocates within three years from the date of first locating in a subzone, improvement subzone or expansion subzone, 66% of all the exemptions, deductions, abatements or credits attributed to that qualified business's participation in the subzone, improvement subzone or expansion subzone shall be refunded to the Commonwealth and the political subdivision.
>
> (2) If a qualified business relocates within three to five years from the date of first locating in a subzone, improvement subzone or expansion subzone, 33% of all exemptions, deductions, abatements or credits attributed to that qualified business's participation in the subzone, improvement subzone or expansion subzone shall be refunded to the Commonwealth and the political subdivision.

---

[6] Businesses must complete a certification form that includes, but is not limited to, the following: "(1) The type and duration of zone designation. (2) The number of jobs created. (3) The number of jobs retained. (4) The amount of capital investment. (5) Any other information, conditions or requirements reasonably required by the department." 73 P.S. § 820.307(a).

(3) If the qualified business was located within a facility operated by a nonprofit organization to assist in the creation and development of a start-up business, no exemption, deduction, abatement or credit shall be refunded.

73 P.S. § 820.902(a) (emphasis added). Recognizing that sometimes relocation is not within a business's control, Section 902(b) authorizes the waiver of the recapture of the tax benefits, providing:

> **(b) Waiver**.--The department, in consultation with the Department of Revenue and the political subdivision, may waive or modify recapture requirements under this section if the department determines that the business relocation was due to circumstances beyond the control of the business, including, but not limited to:
>
> (1) natural disaster;
>
> (2) unforeseen industry trends; or
>
> (3) loss of a major supplier or market.

73 P.S. § 820.902(b).

In considering and applying these statutory provisions, the General Assembly has mandated that the Act "shall be interpreted to ensure that all provisions relating to State and local tax exemptions, deductions, abatements and credits are **strictly construed** in favor of the Commonwealth." Section 1305 of the Act, 73 P.S. § 820.1305 (emphasis added). With these statutory provisions in mind, we turn to the facts and legal issues at hand.

## II.     Background

In 2004, "DCED authorized a portion of the Philadelphia Navy Yard as a Keystone Opportunity Improvement Zone (an improvement subzone), an authorization that lasts until December 31, 2025." (Decision and Final Order (Decision) at 4.) Vetri NY, a Pennsylvania limited liability company, leased

6

premises in the Navy Yard KOZ (Vetri KOZ site) to use as a full restaurant and bar in June 2013. (*Id.*; Reproduced Record (R.R.) at 66a.) Vetri NY applied for, and received, certification from DCED in December 2013 as a qualified business under the Act with Vetri NY receiving "limited sales tax KOZ benefits . . . for the [2013] calendar year . . . during construction and outfitting of Vetri NY's restaurant at the Vetri KOZ site." (Decision at 4.) After investing significant capital to construct and outfit the restaurant and hiring dozens of employees, Vetri NY opened the restaurant at the Vetri KOZ site on October 14, 2014. Vetri NY applied for, and received, full KOZ benefits for 2014 and 2015 as a qualified business under the Act.

On November 16, 2015, almost two-and-one-half years after it leased the Vetri KOZ site and one year after it opened the restaurant, Vetri NY "agreed to sell the assets and operations of the restaurant in the Vetri KOZ site . . . to Urban Outfitters." (*Id.* at 5.) The owner of Vetri NY's principal, Marc Vetri, indicated in a news report that he intended to open new restaurants in Texas and in Devon, Pennsylvania. (*Id.*) The sale of the Vetri NY's "assets and operations to URBN NVY LoSp, LLC" (URBN NVY) took place on January 30, 2016. (*Id.*) As of that date, "Vetri [NY] ceased business operations at the Vetri KOZ site." (*Id.*) URBN NVY applied to DCED for KOZ benefits, using its own Federal Employee Identification Number, on March 17, 2016, "for the business it was conducting at the Vetri KOZ site." (*Id.*) This application was ultimately approved, and URBN NVY received KOZ benefits for the portion of the 2016 calendar year in which it actively operated the business.

While URBN NVY's application was pending, Vetri NY applied for KOZ benefits for the 2016 calendar year on March 24, 2016, and was informed by DCED on April 5, 2016, that Vetri NY's application could not be approved. DCED's

Performance Monitoring Division (Monitoring Division) advised Vetri NY in June 2016 that it had discovered "Vetri [NY] was no longer operating at the Vetri KOZ site, warned Vetri [NY] that the . . . Act provided for penalties for qualified businesses that move out of a KOZ within five years, and requested an explanation [about] why Vetri [NY] failed to fulfill the requirements of the . . . Act." (Decision at 5; Letter from Monitoring Division to Vetri NY, June 7, 2016, R.R. at 99a.) Vetri NY responded it was not subject to the Act's recapture provisions where the restaurant was still operating and Vetri NY did not "relocate" because it was still located in the Navy Yard KOZ, albeit at a different address from the restaurant. (R.R. at 101a-03a.) It further asserted the recapture, if applicable, should be waived because of the capital investment it made and employment growth it created in the Navy Yard KOZ. Finally, Vetri NY stated its 2016 application for KOZ benefits was only for January 2016, the "period of time in 2016 that it owned the restaurant." (*Id.* at 103a.) By letters dated March 2, 2017, and August 24, 2017, the KOZ Program Manager (Program Manager) rejected Vetri NY's argument that it did not relocate and stated Vetri NY's asserted reasons for a waiver of the recapture were insufficient under the Act. On August 31, 2017, Vetri NY filed a "Petition Pursuant to 1 Pa. Code §[]35.20 In The Nature Of A Motion For Reconsideration Of The August 24, 2017 Decision Of The . . . Program Manager"[7] (Vetri NY's Petition) with the Secretary, asserting that "while [Vetri NY] is in the process of winding down and dissolution, it remains within the Navy Yard KOZ, but at a different address"

---

[7] Section 35.20 of the General Rules of Administrative Practice and Procedure (GRAPP), 1 Pa. Code § 35.20, states "[a]ctions taken by a subordinate officer under authority delegated by the agency head may be appealed to the agency head by filing a petition within 10 days after service of notice of the action." Although Vetri NY characterized this petition as a "Motion For Reconsideration," this regulation refers to filing an appeal, not a request for reconsideration, which is governed by Section 35.241 of the GRAPP, 1 Pa. Code § 35.241. Vetri NY did not request a hearing.

8

than the restaurant. (R.R. at 114a.) Thus, Vetri NY challenged the denial of its request for 2016 KOZ benefits and the determination that its past KOZ benefits were subject to recapture.

## III. The Secretary's Decision

After considering the Act's purpose and the General Assembly's directive that the Act's provisions be strictly construed in the Commonwealth's favor, the Secretary affirmed the denial of the 2016 KOZ benefits and the recapture determination. With regard to the 2016 KOZ benefits, the Secretary reasoned:

> In order to be a qualified business entitled to KOZ benefits, a business entity must own or lease property in a KOZ from which the business actively conducts a trade, profession or business. Vetri [NY] sold all of its restaurant business assets on January 30, 2016[,] and a new owner assumed ownership of the restaurant at the Vetri KOZ site. Vetri [NY], therefore, did not actively conduct any trade or business at the Vetri [NY] KOZ site on or after that date. Moreover, the new owner applied for and received KOZ benefits in 2016. Additionally, because of the relocation issue discussed below, any KOZ benefits granted to Vetri [NY] for 2016 would have been subject to recapture.

(Decision at 6.)

In affirming the recapture determination, the Secretary stated "KOZ benefits may be recaptured if a business 'relocates outside of' a KOZ within five years of originally locating within the KOZ." (*Id.*) Here, the Secretary held, Vetri NY located within the Navy Yard KOZ in June 2013, but "sold all of its assets in the Navy Yard KOZ in January 2016, less than three years later." (*Id.*) While the new owner took over business operations at the Vetri KOZ site, the Secretary agreed with the Program Manager's determination that Vetri NY's sale of its assets and cessation

of its own business operations at the Vetri KOZ site was a relocation outside the Navy Yard KOZ under the Act. The Secretary explained:

> Section 902 of the . . . Act expresses the legislature's intent that a qualified business must continue to actively conduct business within a KOZ for a certain period of time as a condition to receipt of KOZ benefits. This is tied to the legislative purpose of encouraging long-term economic vitality within the KOZ. Therefore, it is logical to view the term "relocation" in [S]ection 902 as encompassing any situation in which a qualified business chooses to cease operations within a KOZ. A qualified business is not to "take the money and run." To narrowly construe the relocation provision to apply only to those cases where a business closes down in a KOZ and reopens elsewhere would be contrary to the public policy underlying the . . . Act. It would be an absurd result to impose a recapture penalty on Vetri [NY] if it chose to use the proceeds of its asset sale to open a restaurant in another location, but to impose no penalty if Vetri [NY] distributed the proceeds of the sale to its owners, who then opened new restaurants [in other locations].

(*Id.* at 7.)

The Secretary also denied Vetri NY's request for waiver of the recapture under Section 902(b). According to the Secretary, the Act provides that waivers may be granted but requires that the relocation had to be due to circumstances beyond the business's control. However, the reasons given by Vetri NY in support of its waiver request, which included its capital investment and creation of jobs at the Vetri KOZ site, and that the restaurant is still operating, did not fall within that requirement. According to the Secretary, Vetri NY voluntarily chose to sell its assets and cease its business operations in the Navy Yard KOZ. The Secretary, therefore, affirmed the denial of Vetri NY's waiver request. Vetri NY now petitions this Court for review of this Order.[8]

_____

[8] In reviewing an agency's adjudication, this Court will affirm unless constitutional rights were violated, the decision was not in accordance with the law, the practice and procedure of

10

## IV. Discussion

### A. Whether the Secretary erred or abused his discretion in holding that Vetri NY's prior KOZ benefits were subject to recapture under Section 902(a).

On appeal, Vetri NY argues[9] its KOZ benefits are not subject to recapture under Section 902(a) because neither the restaurant nor Vetri NY has "relocated" outside of the Navy Yard KOZ. The Act does not define the term "relocate" and, pursuant to the rules of statutory construction, Vetri NY argues it should be construed in accordance with its common and approved usage. *See* Section 1903(a) of the Statutory Construction Act of 1972, 1 Pa. C.S. § 1903(a); *Sklar v. Dep't of Health*, 798 A.2d 268, 276 (Pa. Cmwlth. 2002). According to Vetri NY, the common and approved usage of this term, which requires physically moving to a new location, does not support the Secretary's conclusion that "relocation," as used in Section 902(a), means "any situation in which a qualified business chooses to cease operations within a KOZ." (Vetri NY's Brief (Br.) at 18 (quoting Decision at 7).) Applying the term's common and approved usage, rather than the Secretary's strained interpretation, Vetri NY argues there was no relocation outside the Navy Yard KOZ for the following reasons.

With regard to Vetri NY, although it is inactive, it is still located in the Navy Yard KOZ. With regard to the restaurant, Vetri NY sold the restaurant assets and operations to URBN NVY, which is still operating that restaurant, and, therefore, the capital investment, employment, and business activity it brought to the Navy Yard KOZ still remain. Vetri NY maintains that what its owners did with the

---

Commonwealth agencies were violated, or the necessary findings of fact are not supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

[9] We have rearranged Vetri NY's arguments for ease of resolution.

proceeds of the assets is irrelevant to whether it relocated from the Navy Yard KOZ. The only relevant facts, according to Vetri NY, are that the restaurant remains in operation and Vetri NY remains at an address within the Navy Yard KOZ. Under these circumstances, Vetri NY argues, subjecting it to the recapture provisions is not consistent with the purpose of the Act because that provision is to punish a business for ceasing the operation of a business in a KOZ and moving that operation, and its related capital investment and employment opportunities, elsewhere. That is not what happened here and, therefore, the determination that Vetri NY's KOZ benefits are subject to recapture should be reversed.

DCED responds that the Secretary's interpretation of the term "relocation" is not contrary to the Act, or its underlying public purpose. Rather, this interpretation prevents businesses from selling a business within a KOZ before the expiration of the five-year period and relocating the sale proceeds outside of a KOZ without repercussion so long as the selling entity maintains an address within the KOZ. The Act does not define "relocation" and, therefore, is silent regarding whether this term includes the situation where "the entirety of the business's assets ha[ve] been removed[ in the form of the proceeds from the sale of the restaurant] from the KOZ and reinvested in new business outside the KOZ, yet the business's address remains within the KOZ." (DCED's Br. at 19.) Although Vetri NY asserts no relocation occurred because URBN NVY continues to maintain the capital investment and employment Vetri NY initially brought to the Navy Yard KOZ, DCED argues Vetri NY's reliance on URBN NVY's operation is misplaced because that entity is under no obligation to continue those operations. DCED also asserts that Vetri NY's capital investment and employment in the Navy Yard KOZ ceased to exist once it sold all of its assets to URBN NVY, after which Vetri NY consisted merely of the

12

proceeds from that sale and an address in the Navy Yard KOZ. Based on the article Vetri NY presented, DCED claims the proceeds from the sale were turned over to Vetri NY's principal, who then opened new restaurants elsewhere.

We must decide whether Vetri NY, which had received KOZ benefits as a **qualified business** due to its active operation of the restaurant in the Navy Yard KOZ, must refund a portion of those benefits under Section 902(a) because it sold the restaurant to URBN NVY before the expiration of five years. It then ceased to engage in the active conduct of **any** business in the Navy Yard KOZ.[10] The Secretary concluded that, under these facts, Vetri NY "relocate[d] outside the [KOZ]" and was, therefore, subject to the recapture provisions of Section 902(a). Vetri NY asserts that, notwithstanding that it is no longer actively conducting business in the Navy Yard KOZ, and irrespective of the disposition of the sale proceeds, no relocation "outside the zone" has occurred because the restaurant is still in operation and Vetri NY's offices continue to be located at an address, not the restaurant's address, within the Navy Yard KOZ.

We begin, as with all issues involving statutory construction, with the intent of the General Assembly when it stated that the recapture provisions of Section 902(a) would apply when a "**qualified business** . . . **relocates outside of the zone** . . . ." 73 P.S. § 820.902(a) (emphasis added). In ascertaining the General Assembly's intent, we are cognizant that, if the statutory language is clear and unambiguous, the letter of the statute should not be disregarded in pursuing its spirit. Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa. C.S. § 1921(b).

---

[10] In each of its applications for KOZ benefits, Vetri NY has described its business as operating a "[f]ull service, fine dining restaurant and bar." (R.R. at 66a, 71a, 77a, 93a.) Vetri NY has not asserted that it is actively engaged in any other kind of business, and, in fact, was "in the process of winding down and dissolution" when it filed its petition with the Secretary. (R.R. at 114a.)

13

However, where the words are not explicit, the General Assembly's intent can be ascertained by considering, *inter alia*, the object to be attained by the statute and the consequences of a particular interpretation. Section 1921(c) of the Statutory Construction Act of 1972, 1 Pa. C.S. § 1921(c). We must also remember that the General Assembly has expressed its intent that **the Act's provisions be "strictly construed in favor of the Commonwealth."** 73 P.S. § 820.1305 (emphasis added).

There are two relevant parts to our interpretation of this provision: "a qualified business" and "relocates outside the zone." 73 P.S. § 820.902(a). The Act defines a "**qualified business**" as one "authorized to do business in this Commonwealth which is **located** . . . **within a [KOZ]** . . . and **is engaged in the active conduct of a trade or business** in accordance with the requirements of [S]ection 307 for the taxable year." 73 P.S. § 820.103 (emphasis added). The Act requires that a business be certified annually as "qualified" before it can claim KOZ benefits, and this certification process requires the business to establish, each year, that it "own[s] or lease[s] real property in a [KOZ] . . . from which the business **actively conducts a trade, profession or business**." 73 P.S. § 820.307(a) (emphasis added). Thus, the definition of a "qualified business" in the Act, contains the requirement that it be "**located** within the [KOZ]" and "actively conduct[ing] a . . . business." 73 P.S. §§ 820.103, 820.307(a) (emphasis added).

However, the Act does not specifically define what "relocates" means. In order to understand its meaning, we can look to dictionary definitions to find its common and approved usage, as well as to the context in which it appears. 1 Pa. C.S. § 1903(a); *Scungio Borst & Assocs. v. 410 Shurs Lane Developers*, 146 A.3d 232, 238 (Pa. 2016); *St. Ignatius Nursing Home v. Dep't of Pub. Welfare*, 918 A.2d 838, 845 (Pa. Cmwlth. 2007). Dictionaries have defined "relocate" and "relocation,"

respectively, as "to locate or allocate again: establish or lay out in a new place," Webster's Third New Int'l Dictionary 1919 (2002), and the "[r]emoval and establishment of someone or something in a new place," Black's Law Dictionary 1405 (9th ed. 2009). Vetri NY reads the term "relocate" strictly in the physical sense – it has not relocated because **Vetri NY remains physically located in the Navy Yard KOZ** and the restaurant is still operating in the Navy Yard KOZ. DCED and the Secretary take a more expansive view of the provision, within the context of the Act's other provisions and purpose. They focus, not on Vetri NY's physical presence within the Navy Yard KOZ, but on the fact that, through the sale of the restaurant, Vetri NY has ceased to actively conduct business located within the zone and has, effectively, then, relocated its operations and assets outside the Navy Yard KOZ.

Both interpretations of this provision are reasonable. Where parties offer reasonable, although conflicting interpretations of a statute, that provision is ambiguous. *Velocity Express v. Pa. Human Relations Comm'n*, 853 A.2d 1182, 1185 (Pa. Cmwlth. 2004) (stating "[a] statute is ambiguous or unclear where its language is subject to two or more reasonable interpretations"). After reviewing the relevant terms, in the context of the Act's provisions as a whole, as well as the consequences of the interpretations, and keeping in mind the legislative directive that we are to strictly construe the Act in favor of the Commonwealth, we conclude the Secretary's interpretation better effectuates the intent of the General Assembly.

The overall purpose of the Act is to improve the **long-term** economic viability of areas in economic distress through the cooperation and coordinated efforts of, *inter alia*, private businesses and state and local authorities. 73 P.S. § 820.102. To assist and encourage this economic vitality, the General Assembly authorized the

15

grant of temporary tax relief for private businesses while located within the zones. 73 P.S. § 820.102(3). However, the General Assembly's intent that these financial incentives be applicable **only to the extent those businesses remain located and actively conducting business** within a KOZ in **the long-term** is evident in its imposition of the five-year period in which a **qualified business** must remain located in a KOZ **to retain the full amount** of the tax benefits received. A qualified business's location within the KOZ, while actively conducting its business within the KOZ, is what makes it eligible to receive **and retain** KOZ benefits. Practically every provision of the Act uses the term "qualified business," a term inextricably linked with the requirement that these businesses be located within a KOZ while actively engaged in or actively conducting a trade, business, or profession within a KOZ.[11]

Interpreting the term "relocates" within the broader context of what it means for "a qualified business . . . [to] relocate[] outside of the [KOZ]," requires looking beyond whether a particular business **maintains a physical presence in a KOZ**. To be a "**qualified business**," the business must be **located** within a KOZ and actively conducting its business within the KOZ; when it "**relocates outside of the [KOZ]**," it is no longer actively conducting its business within the KOZ. That is, it has "removed" its active conduct of business from within the KOZ. To construe "relocates" as Vetri NY suggests could leave the Commonwealth vulnerable to potential manipulation of the Act's provisions in order for a business to obtain KOZ benefits while avoiding the recapture provisions, an interpretation that is decidedly not in the Commonwealth's favor.

---

[11] *See, e.g.*, Sections 103, 301, 304, 307, 501, 511-512, 702-705, 901-902, 1103, 1306 of the Act, 73 P.S. §§ 820.103, .301, .304, .307, .501, .511-.512, .702-.705, .901-.902, .1103, .1306.

16

This interpretation effectuates the General Assembly's intent by requiring the particular business that receives the KOZ benefits to remain, itself, actively conducting business within a KOZ for five years in order to retain the full value of those benefits. This interpretation also discourages, as the Secretary phrased it, a business from "taking the money and run[ning]." (Decision at 7.) Under Vetri NY's interpretation, a business could utilize the KOZ benefits to operate an active business in the KOZ for less than five years. Then, it could retain the entire value of KOZ benefits received (taking the money), even though it sells the business, ceases to operate itself, and distributes the proceeds (likely enhanced by its receipt of tax relief) to a related entity or individual to be used elsewhere (and running).

Vetri NY's claims that its voluntary sale of the restaurant and cessation of operations was not a relocation because Vetri NY retains a physical presence in the Navy Yard KOZ at an address different from the restaurant and **it opened no other business in a different location** are not persuasive. In selling its restaurant and not only ceasing operations but also, by its own admission, beginning the process of dissolution, Vetri NY has, in effect, relocated its active operations into non-existence. That **it remains inactive** and has not opened a new business at a different location should not defeat the purpose of the Act to pay KOZ benefits **only to businesses that actively conduct business within a KOZ**. This is particularly so where the proceeds may be used by some related entity to do what the former qualified business cannot do under the Act, physically begin operating a new business at a new location. Holding otherwise would allow businesses to receive and retain the entire amount of KOZ benefits because, even though they actively conducted business within a KOZ for less than five years, they ceased those

operations and remained, inactive, at some address within the KOZ. This could not have been the General Assembly's intent in Section 902(a).

Finally, the Secretary's interpretation is consistent with the General Assembly's intent that KOZ benefits received during the first five years of a business's location within a KOZ be subject, at least, in part, to recapture. Vetri NY relies on URBN NVY's continued operation of the restaurant to argue that the capital and employment growth it initially brought to the Navy Yard KOZ remain. That URBN NVY continued to operate the restaurant is of limited relevance to whether **Vetri NY** should be permitted to retain the entirety of the KOZ benefits **Vetri NY** received after it ceased to be engaged in the active conduct of business within the Navy Yard KOZ. As cogently observed by DCED, URBN NVY has no obligation to continue to operate the restaurant. URBN NVY obtained certification as a qualified business and received KOZ benefits for the part of 2016 in which it operated the restaurant. If URBN NVY were to cease actively conducting business in the Navy Yard KOZ before the five-year period expired, DCED could recapture only a portion of the KOZ benefits for that five-year period from URBN NVY because Vetri NY received the other portion. There is no provision in the Act that would allow DCED to recapture from URBN NVY the KOZ benefits received by Vetri NY or to recapture those benefits in the future from Vetri NY. In these circumstances, allowing Vetri NY to retain the full value of the KOZ benefits it received for 2013 through 2015 because Vetri NY asserts it did not physically "relocate" its mailing address outside of the Navy Yard KOZ frustrates the purpose of Section 902(a) and the Act as a whole. An interpretation of "relocate" that frustrates the purpose of the recapture provisions **to the detriment of the Commonwealth and local taxing authorities** cannot be said to be consistent with

18

the General Assembly's mandate that we are to ensure that the Act's provisions "are strictly construed in the Commonwealth's favor." 73 P.S. § 820.1305. Accordingly, there was no error or abuse of discretion in the Secretary's Decision to affirm the application of Section 902(a)'s recapture provisions to Vetri NY's 2013, 2014, and 2015 KOZ benefits.

> *B. Whether the Secretary erred or abused his discretion in holding that the waiver and modification provisions of Section 902(b) were inapplicable.*

Vetri NY next asserts that, even if the recapture provisions were applicable, it was error or an abuse of discretion to deny its request for a waiver of that recapture. It maintains that "DCED has great leeway to waive or modify the . . . recapture provisions" and waiving the recapture of Vetri NY's KOZ benefits upholds the purpose of the Act because the capital investment and employment growth Vetri NY created in the Navy Yard KOZ remains, even if the ownership has changed. (Vetri NY's Br. at 20.)

DCED argues it lacked the authority, under Section 902(b), to waive or modify the recapture because Vetri NY's relocation was not due to circumstances beyond its control. DCED asserts that, by its own admission, Vetri NY's sale of the restaurant at the Vetri KOZ site to URBN NVY was the "result of the long standing relationship[] between Marc Vetri and various Urban Outfitters' executives." (DCED's Br. at 20 (quoting Vetri NY's Petition ¶ 4).) DCED maintains that this voluntary sale was not a circumstance beyond Vetri NY's control and, therefore, there was no abuse of discretion or error in refusing to waive or modify the recapture of Vetri NY's KOZ benefits under Section 902(b).

The waiver and modification provision of Section 902(b) is applicable in limited circumstances. While DCED does have the discretion, in consultation with

19

the Department of Revenue and the relevant political subdivision, to waive or modify the recapture requirements of Section 902(a), this discretionary waiver is available when "the business relocation was due to circumstances beyond the control of the business." 73 P.S. § 820.902(b). Examples of such circumstances are a "natural disaster," "unforeseen industry trends," or the "loss of a major supplier or market." *Id.* Vetri NY's relocation through its voluntary sale of the restaurant and cessation of its active business operations in the Navy Yard KOZ does not fall within these limited circumstances. To the extent Vetri NY asserts its contributions of capital investment and employment growth within the Navy Yard KOZ must be recognized, those contributions are recognized by the Act, but not through the application of Section 902(b). Rather, these contributions are acknowledged by Section 902(a)'s adjustment of the amount of KOZ benefits subject to recapture based on the length of time a business remained in a KOZ. A business relocating from a KOZ within 3 years retains 34 percent of the prior KOZ benefits received, and a business that relocates between years 3 and 5 retains 67 percent of the prior KOZ benefits received. 73 P.S. § 820.902(a)(1), (2) (requiring, respectively, recapture of 66 percent of the KOZ benefits if relocation occurs within 3 years, and 33 percent of the KOZ benefits if relocation occurs between years 3 and 5). Accordingly, there was no error or abuse of discretion in not applying Section 902(b) to waive or modify the recapture of Vetri's KOZ benefits here.

> *C. Whether the Secretary erred or abused his discretion in holding that Vetri NY was not eligible for any KOZ benefits for January 2016.*

Vetri NY argues it was an error and abuse of discretion to deny its application for KOZ benefits for January 2016 because it met all of the requirements set forth in Section 307(a) of the Act for obtaining those benefits. It leased real property in the

20

Navy Yard KOZ from which it actively conducted business during that month, had been certified since 2013 as being located in and conducting an active qualified business in the Navy Yard KOZ, and timely filed its 2016 KOZ application. Vetri NY also asserts the reason given for denying the application, that any benefits granted would have been subject to recapture due to Vetri NY's relocation, is erroneous because only 66 percent of the KOZ benefits would have been subject to recapture.

DCED acknowledges that the failure to approve the KOZ benefits for January 2016 in their entirety "would inflict economic harm in excess of the allowable [re]capture under" Section 902(a) and, therefore, was "an invalid ground to deny KOZ benefits." (DCED's Br. at 14 n.3.) However, it asserts the other reason given by the Secretary for denying those benefits, that Vetri NY had ceased to actively conduct business at the Vetri KOZ site on January 30, 2016, supports the denial of the requested benefits. DCED argues that, under Section 307(a), a business must receive annual certification "that the business **is** located and **is** in the active conduct of a trade, profession or business, within the subzone." (DCED's Br. at 12 (quoting 73 P.S. § 820.307(a)) (emphasis added by DCED).) DCED asserts this provision must be strictly construed in the Commonwealth's favor and requires that the word "is" be interpreted as requiring that an applicant must, during the application and final certification and review process, be "presently located and presently engaged in the active conduct [of] a trade, profession, or business in a subzone, improvement zone or expansion zone." (*Id.* at 17.) DCED argues that, as the agency charged with implementing the Act, its interpretation is entitled to deference unless clearly erroneous. *Riverwalk Casino, L.P. v. Pa. Gaming Control Bd.*, 926 A.2d 926, 940 (Pa. 2007) (citing *Street Rd. Bar & Grille, Inc v. Pa. Liquor Control Bd.*, 876 A.2d

21

346, 354 n.8 (Pa. 2005)). DCED asserts its interpretation of Section 307(a) is not clearly erroneous and supports the Act's goal of improving long-term economic viability of KOZs by incentivizing businesses to remain in those KOZs to avoid losing KOZ benefits for a taxable year. Because on the date Vetri NY applied for the 2016 KOZ benefits, March 24, 2016, Vetri NY was not actively conducting a business within the Navy Yard KOZ, DCED argues Vetri NY could not be certified as a qualified business for **any** of 2016 and the application for KOZ benefits for January 2016 was properly denied.

In its reply brief, Vetri NY notes that DCED appears to "retreat from t[he] rationale" given by the Secretary for denying KOZ benefits for January 2016, that they would be subject to recapture, and raises a new argument, the "timing" of Vetri NY's application for those benefits, to support the Decision. According to Vetri NY, this argument is waived having not been raised before the Secretary in the prior administrative proceedings. (Vetri NY's Reply Br. at 2 n.1.) If this argument is not waived, Vetri NY argues DCED's proffered interpretation is contrary to the Act because when the definition of "qualified business" in Section 103 is read *in pari materia* with Section 307(a), the relevant time period is the portion of the taxable year for which KOZ benefits are being requested, and not, as DCED asserts, during the application process. Vetri NY argues if a business is engaged in the active conduct of business within a KOZ during any part of the taxable year, the business should be certified as a qualified business for that part of the taxable year even if, at the time it applies to renew its certification, the business is no longer so engaged. DCED has not disputed that Vetri NY leased property within the Navy Yard KOZ and actively conducted business at the restaurant between January 1, 2016, and

22

January 30, 2016, and, therefore, Vetri NY asserts, it was a "qualified business" entitled to KOZ benefits for that month.

We first address Vetri NY's assertion that DCED waived its argument that Vetri NY was not a qualified business when it applied for the KOZ benefits for January 2016. Contrary to Vetri NY's arguments, the Secretary did not deny Vetri NY's request for KOZ benefits for January 2016 **solely** because it would be recaptured, a reason we agree with the parties would be invalid for denying **all** of the KOZ benefits for that month. Rather, the Secretary also discussed the Act's requirement that a business had to be a qualified business to receive KOZ benefits and that Vetri NY, having sold its assets in the restaurant to URBN NVY, was not actively conducting business in the Navy Yard KOZ site, URBN NVY was. (Decision at 6.) An issue not raised during the administrative proceedings is not preserved for appellate review. *Manor at St. Luke Vill. v. Dep't of Pub. Welfare*, 72 A.3d 308, 313 & n.5 (Pa. Cmwlth. 2013). However, Section 307(a) required Vetri NY to establish its continued entitlement to KOZ benefits for the relevant period. As part of that burden, it had to prove it was a qualified business under the Act, and, essentially, the Secretary concluded it was no longer a qualified business entitled to KOZ benefits in 2016. (Decision at 6.) DCED is not raising the "timing" issue as a new issue but as an additional reason for the Secretary's conclusion that Vetri NY was not a qualified business entitled to KOZ benefits for January 2016. Thus, we will not find this argument waived and will now determine whether the relevant time period during which a business has to be actively conducting business within a KOZ is the portion of the taxable year for which that business is seeking KOZ benefits, as Vetri NY asserts, or during the period when the business's application is filed and being reviewed, as DCED asserts.

Initially, we observe that although DCED asserts its interpretation of Section 307(a) must be given deference because it is the agency charged with implementing the Act and its interpretation is not clearly erroneous, DCED points to no official ruling or regulation in which this interpretation has been previously articulated. Rather, it appears this interpretation is being raised for the first time in the context of the current litigation. Both the United States and Pennsylvania Supreme Court have "recognized the dangers of deferring to interpretations developed in anticipation of litigation" and have declined to give deference in such situations. *Seeton v. Pa. Game Comm'n*, 937 A.2d 1028, 1037 (Pa. 2007) (citing *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 212 (1988) (stating "[d]eference to what appears to be nothing more than an agency's convenient litigating position would be entirely inappropriate"). Thus, we will consider DCED's current interpretation, but we are not required to give it the same level of deference as if it had not been asserted in the course of litigation.

A qualified business under the Act is one located within a KOZ and "is engaged in the active conduct of . . . business in accordance with the requirements of [S]ection 307 **for the taxable year**." 73 P.S. § 820.103 (emphasis added). Section 307(a) also addresses what a business must establish to be certified as "qualified." The two sections relate to the same thing and must be read *in pari materia* and, if possible, to give effect to all of the provisions. Sections 1921(a) and 1932 of the Statutory Construction Act of 1972, 1 Pa. C.S. §§ 1921(a) ("Every statute shall be construed, if possible, to give effect to all of its provisions."), 1932 (statutes that relate to, *inter alia*, the same things are *in pari materia* and "shall be construed together, if possible, as one statute").

24

As pointed out by Vetri NY, Section 103 contains a specific time frame in which a business must be engaged in the active conduct of business, **the taxable year**, in order to be a "qualified business," but Section 307(a) contains no time frame. Consistent with looking to the **taxable year** to determine when a business is eligible for KOZ benefits, DCED has interpreted the Act to allow for the receipt of KOZ benefits for **a portion of a taxable year** that a business is actively conducting business in a KOZ but was not yet certified as a qualified business, once that certification occurs. Here, for example, Vetri NY was not certified as a qualified business until December 2013, but DCED granted it KOZ benefits for the part of the 2013 taxable year during which it was actively conducting business at the Vetri KOZ site. URBN NVY similarly received KOZ benefits for the part of the 2016 taxable year it operated the restaurant, even though it was not certified as a qualified business until October 2016. This makes sense because applications to claim KOZ benefits are not due to DCED until "December 31 of each calendar year for which the applicant claims any exemption, deduction, abatement or credit under this act." Section 907(a) of the Act, 73 P.S. § 820.907(a).[12]

Interpreting this provision, as DCED suggests, as not including times during a taxable year when a business was actively conducting a business within a KOZ essentially gives no effect to the phrase "taxable year" used in Section 103, as it could preclude a business from obtaining KOZ benefits for the part of a taxable year in which it was actively conducting business. We are unpersuaded by DCED's attempt to distinguish the 2013 benefits from the January 2016 benefits on the basis that, when Vetri NY applied to be considered a qualified business in 2013, it was actively conducting business in the Navy Yard KOZ. The purpose of the Act is to

---

[12] Added by Section 7 of the Act of December 20, 2000, P.L. 119, *as amended*.

encourage long-term economic viability in KOZs by granting KOZ benefits for times **when a business is actively conducting business within a KOZ**. Because Vetri NY was actively conducting business at real property it leased in the Navy Yard KOZ during January 2016, it should have been granted KOZ benefits, a portion of which was subject to recapture, from January 1, 2016, to January 30, 2016.

## V.    Conclusion

For the foregoing reasons, we affirm the Secretary's Order in part and reverse it in part as follows.  The Secretary's Order is affirmed to the extent that it upheld the determination that Vetri NY's KOZ benefits for 2013, 2014, and 2015 were subject to recapture under Section 902(a) and that no waiver or modification of that recapture could be granted under Section 902(b).  The Secretary's Order is reversed to the extent that it upheld the determination denying Vetri NY's request for KOZ benefits for January 2016 in their entirety where Vetri NY was actively conducting business during that month within the Navy Yard KOZ, and only a portion of those January 2016 KOZ benefits were subject to recapture.


_____
**RENÉE COHN JUBELIRER,** Judge


Judge Fizzano Cannon did not participate in the decision in this case.

26

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Vetri Navy Yard, LLC,        :
               Petitioner    :
                             :
           v.           :   No. 499 M.D. 2017
                             :
Department of Community and   :
Economic Development of the    :
Commonwealth of Pennsylvania,  :
               Respondent   :

## O R D E R

**NOW**, July 16, 2018, the Order of the Secretary of Community & Economic Development of the Commonwealth of Pennsylvania is **AFFIRMED IN PART** and **REVERSED IN PART** in accordance with the foregoing opinion.

_____
**RENÉE COHN JUBELIRER**, Judge