**Jenny Lee RUIZ, Petitioner,**

v.

**ATTORNEY GENERAL OF PENNSYLVANIA,
Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 12, 2001.

Decided Dec. 11, 2001.

---

William R. Bernhart, Reading, for petitioner.

Marianne K. Fogelsanger, Harrisburg, for respondent.

Before DOYLE, President Judge, COLINS, McGINLEY, SMITH, PELLEGRINI, FRIEDMAN and LEADBETTER, Judges.

COLINS, Judge.

Before the court is an appeal by Jenny Lee Ruiz from the Attorney General's decision declining to intervene in the case of *Commonwealth v. Jenny Lee Ruiz*, Berks County Criminal Action No. 2645–00. We quash this appeal for lack of jurisdiction.

Jenny Lee Ruiz has been charged with prostitution, criminal conspiracy, and two counts of corrupt organizations for alleged incidents that occurred at the Odyssey Health Club (Club) in Reading, Pennsylvania. Susan Beissel, an official court reporter employed by Berks County, transcribed a deposition of Ruiz, who testified to performing sexual acts at the Club on Mark Baldwin, District Attorney of Berks County. Another employee of the Club, Magali Rivera, testified that Baldwin came into the Club and received sexual services from her on two occasions. Additionally, Danielle Didyoung testified that Baldwin was a customer at the Club. Ruiz, Rivera, and Didyoung separately identified Baldwin out of twelve black-and-white photographs.

On June 6, 2000, Ruiz gave a statement to the Reading police implicating her in criminal activities that took place at the Club. On October 25, 2000, Rivera did the same; however, Rivera later stated that she falsely implicated Baldwin as a client of the Club because her employer told her to do so.

On October 6, 2000, Ruiz filed a memorandum in support of disqualification of the district attorney and appointment of attorney general. Subsequently, a hearing was held, and on November 9, 2000, the trial court issued an order referring the matter to the president judge for a request to the Attorney General to intervene in the matter. In its opinion, the trial court stated, "[T]he conflict of interest in this case is significant enough that the Berks County District Attorney may not be able to make an independent determination regarding the prosecution of the defendant." (Trial Court Opinion, p. 7). Subsequently, on November 17, 2000, pursuant to Section 205(a)(5) of the Commonwealth Attorneys Act, Act of October 15, 1980, P.L. 950, *as amended*, 71 P.S. § 732–205(a)(5), President Judge Stallone sent a letter to the Attorney General requesting review of the matter and a determination of whether the Attorney General's Office would represent the Commonwealth instead of the District Attorney of Berks County. By letter dated December 13, 2000, the Office of the Attorney General stated that this was not a proper case for intervention because there was no actual conflict present.

On appeal, Ruiz argues that the potential for biased prosecution in this matter is significant to the degree that the Attorney General should intervene. To the contrary, the Office of the Attorney General maintains that the Berks County District Attorney is not laboring under any actual conflict of interest, and any appearance of impropriety is not sufficient enough to warrant intervention. The Attorney General avers that the decision to intervene is purely discretionary, and after a thorough review of applicable statutory and case law, stated that this matter is not a proper case for intervention.

■ Section 205 of the Commonwealth Attorneys Act, 71 P.S. § 732–205(a)(3)–(5), describes the circumstances in which the Attorney General may prosecute a criminal case. The Act provides, in pertinent part, that the Attorney General has the power to prosecute,

(5) When the president judge ... has reason to believe that the case is a proper one for the intervention of the Commonwealth, he shall request the Attorney General to represent the Commonwealth ... and prosecute the defendant. If the Attorney General agrees that the case is a proper one for intervention, he shall file a petition with the court and proceed as provided in paragraph (4). If the Attorney General determines that the case is not a proper case for intervention, he shall notify the president judge accordingly.

71 P.S. § 732–205(a)(5). Thus, the correct course of action for a request for intervention by the Commonwealth is for the trial judge, through the president judge, to request the Attorney General's intervention. *Commonwealth v. Mulholland,* 549 Pa. 634, 702 A.2d 1027 (1997).

█ In the instant matter, the trial court urged intervention based upon its belief that there was a "significant enough" conflict of interest. When a president judge requests intervention of the Commonwealth, the plain language of the statute leaves the decision to intervene up to discretion and expertise of the Attorney General's Office. The Attorney General's Office made a thorough and comprehensive investigation into the matter upon receipt of President Judge Stallone's letter. While the trial court may have suggested the appointment of the Attorney General because of Baldwin's alleged involvement with Club, it is within the Attorney General's discretion whether to intervene.

█ Admittedly, the Office of the Attorney General's letter, which was addressed to President Judge Stallone, expresses a viewpoint as to the propriety of its determination not to intervene. While

a letter from an administrative agency[1] may serve as a final adjudication and afford rights of appeal under the Administrative Agency Law, 2 Pa.C.S. § 702, it is clear that this Court may accept jurisdiction only from appeals from final orders and decisions. An administrative adjudication is defined at 2 Pa.C.S. § 101 as "[a]ny final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made." When an agency's decision or refusal to act leaves a complainant with no other forum in which to assert his or her rights, privileges, or immunities, the agency's act is an adjudication. *Turner v. Pennsylvania Public Utility Commission,* 683 A.2d 942 (Pa.Cmwlth.1996). This Court is precluded from assuming jurisdiction absent an order from the court or agency below.

█ To qualify as an adjudication the Attorney General's letter declining to intervene must, with finality, affect Ruiz's personal or property rights, privileges, immunities, duties, liabilities or obligations. We find that the letter from the Attorney General's Office to President Judge Stallone is not an appealable order or adjudication because it does not dispose of the case or have an effect on personal or property rights. Therefore, we must quash the appeal. If Ruiz feels that prosecution from the Berks County District Attorney has violated her due process rights, she will have an opportunity to challenge the prosecution at the trial court level through post trial motions.

Accordingly, the appeal of Jenny Lee Ruiz is quashed.

---

1. The Office of the Attorney General is an independent agency which is covered under Administrative Agency Law. *See* 2 Pa.C.S. § 101.

## ORDER

AND NOW, this 11th day of December 2001, the appeal of Jenny Lee Ruiz in the above-captioned matter is quashed.