# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dechert LLP, :
                Petitioner :
                 :
          v. : No. 442 M.D. 2019
                 : Argued: February 12, 2020
Pennsylvania Department of :
Community and Economic :
Development, :
                Respondent :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE ELLEN CEISLER, Judge
                HONORABLE J. ANDREW CROMPTON, Judge

OPINION
BY JUDGE CROMPTON                FILED: June 23, 2020

        Before us is Dechert LLP's (Dechert) dual jurisdiction petition for review (Petition) challenging the Department of Community and Economic Development's (DCED) construction of the Keystone Opportunity Zone, Keystone Opportunity Expansion Zone and Keystone Opportunity Improvement Zone Act (KOZ Act),[1] denying tax benefits to a business relocating from an expired KOZ to an active KOZ within the City of Philadelphia. In the interest of expeditious resolution of this matter, this Court considers the merits of Dechert's request for declaratory relief in our original jurisdiction. The appellate jurisdiction part of the Petition is dismissed. Based on the submissions, we grant declaratory relief to Dechert, concluding that DCED's construction of the KOZ Act to preclude movement between an expired

---

[1] Act of October 6, 1998, P.L. 705, *as amended*, 73 P.S. §§820.101-820.1308.

zone and a zone in a different geographical area, albeit in the same city, was contrary to the plain language of the KOZ Act. Because DCED's construction is unsupported by the statutory language, DCED lacks the authority to enforce that construction. Therefore, DCED shall construe the KOZ Act in accordance with this decision.

## I. Background
## A. Statutory Overview

The General Assembly enacted the KOZ Act in 1998 as a measure to encourage business development and employment in certain distressed areas. Under the KOZ Act, geographic areas of varying size may be designated as one of three types of opportunity zones, Keystone Opportunity Zones (KOZs), Keystone Opportunity Expansion Zones (KOEZs) and Keystone Opportunity Improvement Zones (KOIZs) (collectively, Zones). KOZ subzone properties are exempt from local property taxes and a qualified business within a Zone "shall be entitled to all tax exemptions, deductions, abatements or credits set forth in this act for a period not to exceed 15 years …." Section 301(b) of the KOZ Act, 73 P.S. §820.301(b). By their nature, KOZ tax benefits are temporary since the active status of a Zone has a specific end date. *See* Section 102(3) of the KOZ Act, 73 P.S. §820.102(3).

DCED is the Commonwealth agency that administers the KOZ Act through the KOZ programs. DCED designates areas in the Commonwealth as KOZs and KOEZs and may designate a limited number of subzones within KOZs and KOEZs, *see* 73 P.S. §§820.301, 820.301a,[2] 820.301d,[3] and grant applications to extend the duration of or enhance the size of a subzone, 73 P.S. §820.301(e), (f). In addition,

[2] Section 301.1 of the KOZ Act, added by the Act of December 20, 2000, P.L. 841.

[3] Section 301.4 of the KOZ Act, added by the Act of July 10, 2008, P.L. 1014.

DCED administers the program for KOIZs, which are designated by the Governor. *See* Section 301.2 of the KOZ Act, 73 P.S. §820.301b.[4] The Governor's designation of a KOIZ "shall specify a period of time, not to exceed 15 years." 73 P.S. §820.301b(b).

DCED did not promulgate regulations regarding relocation restrictions. DCED also did not issue policy statements or other guidance documents limiting a business's movement from an expired zone into an active zone.

## B. Relevant Facts

Dechert leases space from Brandywine Realty Trust (Brandywine) in the Cira Centre located at 2929 Arch Street in Philadelphia, next to the 30th Street Station. Cira Centre is an office complex within a now expired KOIZ (Expired Zone). Qualified businesses like Dechert received tax benefits under the KOZ Act during the active term of the Zone, from 2004 to its expiration on December 31, 2018. During its tenancy at the Cira Centre, Dechert received almost 15 years of KOZ tax benefits. However, the KOZ tax benefits available to Cira Centre tenants correspond to the KOZ status of the Zone, and so ended when that status expired.

Dechert plans to end its lease in the Cira Centre and lease space in a new office complex under construction by the same landlord in a different Zone. Brandywine's new construction is at 3001 JFK Boulevard, "JFK Towers," located in the Schuylkill Yard KOEZ (Active Zone). Dechert anticipates that upon relocating, it will lease 100,000 square feet in JFK Towers. Regardless of whether it relocates to JFK Towers, Dechert intends to move at least some of its workforce from the Expired Zone to another location, which may be outside the Commonwealth.

---

[4] Added by the Act of December 9, 2002, P.L. 1727.

Dechert was required to give notice to Brandywine in 2019 as to whether it will leave its space at the Cira Centre when its lease expires on March 18, 2021. Dechert subsequently received an extension of its lease renewal deadline.

In April 2019, Dechert requested a letter ruling from DCED regarding the availability of tax benefits should it move its location from the Cira Centre located in the Expired Zone to JFK Towers in the Active Zone.[5] Dechert maintained that its move from the Expired Zone to the Active Zone should not affect its eligibility for KOZ tax benefits in the Active Zone, despite receiving almost 15 years of KOZ benefits while located within the Expired Zone.

In a letter dated July 11, 2019, the Secretary of DCED responded to Dechert stating that its interpretation of the KOZ Act precludes a beneficiary of tax benefits of an expired zone to receive full benefits should it relocate to an active zone (Letter Ruling). *See* Reproduced Record (R.R.) at 3a-5a. In its Letter Ruling, the Secretary explained that the KOZ program is designed to encourage businesses to locate in economically distressed communities; to become economic anchors of the communities; and to re-enter the state and local tax rolls at the end of the KOZ term. Consequently, DCED "denie[d] Dechert's request for Tax Benefits at a new Zone." *See* DCED's Prelim. Objs. ¶6.

Section 307(b) of the KOZ Act, relating to "Relocation," sets forth certain eligibility requirements for businesses that relocate from "outside" a zone. 73 P.S. §820.307(b). Relevant here, the provision is silent on how to treat a business

_____

[5] DCED refers to the relocation from one zone to another as "zone hopping." *See* DCED's Br. at 6 n.3, 8, 14 n.6, 16 and 17.

seeking to relocate from an expired Zone to an active Zone. Significantly, DCED conceded that Section 307(b) lacks guidance regarding movement from one Zone to another. DCED "interpret[ed] this omission, in conjunction with the legislative intent of providing temporary tax relief," as prohibiting businesses from obtaining tax breaks when they move "from one zone to another, whether such zone is active or expired." R.R. at 5a. In its Letter Ruling, DCED raised concerns that an alternate construction of the KOZ Act would result in a mass exodus from one zone to another in an attempt to retain tax exemptions, and thus frustrate the purpose of the statute.

## C. Procedural Posture

Dechert filed the instant Petition challenging DCED's construction of the KOZ Act to preclude movement from the Expired Zone into the Active Zone, appealing the Letter Ruling in Count I and seeking a declaration of the meaning of the KOZ Act and a determination that DCED's construction was invalid in Count II. The parties filed various applications concerning procedure. DCED filed preliminary objections to the original jurisdiction part of the Petition predicated on our appellate jurisdiction. Given the unique procedural posture, and Dechert's initial request for expedited treatment of its Petition, this Court held a status conference and set a briefing schedule related to Dechert's appeal.

Upon Dechert's application for a stay of the original jurisdiction part of the Petition, which was unopposed, in October 2019, this Court granted a stay. After a series of continuances, in February, this Court heard argument *en banc* on the appellate jurisdiction part of the Petition.

Critically, the material allegations and the prayer for relief in the declaratory judgment claim and the appeal are virtually identical in that Dechert seeks a declaration that DCED misconstrued the KOZ Act in its Letter Ruling.[6] Although the parties here treat DCED's Letter Ruling as an "adjudication" for purposes of the Administrative Agency Law, 2 Pa. C.S. §704, it is less than clear that the Letter Ruling qualifies as an adjudication within our appellate jurisdiction.[7]

Following argument, we concluded this matter presents a pure legal question appropriate for disposition in our original jurisdiction. On February 28, 2020, we issued an order advising the parties of our intent to treat the submissions before us as applications for summary relief absent an objection. Neither party objected. Thus, we consider Dechert's Petition as an application for summary relief.

## II. Discussion

The legal question before us concerns whether the KOZ Act permits relocation from a Zone in which the KOZ tax benefits expired into an active Zone. We recognize DCED's construction of the KOZ Act to preclude relocation from an expired Zone into an active Zone poses a question of public importance with ramifications beyond the parties to this action.[8] Indeed, DCED's construction of the

---

[6] The material distinction between Count I (appeal) and Count II (declaratory judgment) is that in the prayer for relief in Count I, Dechert also asks this Court to reverse DCED's Letter Ruling.

[7] To qualify as an adjudication, the Letter Ruling must, with finality, affect Dechert's property rights. *See Ruiz v. Att'y Gen. of Pa.*, 789 A.2d 372 (Pa. Cmwlth. 2001); *see also* 2 Pa. C.S. §§101 (definition of adjudication); 504 (valid adjudication requires "reasonable notice of a hearing and an opportunity to be heard" and development of a full and complete record).

[8] As of the date of this litigation, several other businesses in the Cira Centre similarly intend to move into JFK Towers, some of which applied for tax exemptions in the Active Zone, which

KOZ Act potentially affects the property rights of other qualified businesses, commercial interests in economic development and the Commonwealth's interest in incentivizing infrastructure in areas of economic distress. Mindful of these practical considerations, we consider the meaning of relocation under Section 307(b) of the KOZ Act pursuant to the Declaratory Judgments Act, 42 Pa. C.S. §§7531-7541 (DJA).

## A. DJA

The DJA is remedial, its purpose "is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations, and is to be liberally construed and administered." 42 Pa. C.S. §7541(a). Pursuant to Section 7532 of the DJA, "Courts of record, within their respective jurisdictions, shall have power to declare rights, status and other legal relations whether or not further relief is or could be claimed." 42 Pa. C.S. §7532.

Declaratory relief is suitable when litigation "is both imminent and inevitable and the declaration sought will practically help to end the conflict between the parties." *Eleven Eleven Pa., LLC v. State Bd. of Cosmetology*, 169 A.3d 141, 145 (Pa. Cmwlth. 2017) (citation omitted). Thus, lack of present harm is not fatal to a DJA claim. *Joint Bargaining Comm. of Pa. Soc. Servs. Union, Local No. 668, SEIU v. Com.*, 530 A.2d 962 (Pa. Cmwlth. 1987).

---

DCED denied. We stayed the appeals of DCED's denials while this matter proceeded. *See RCJ Consulting, LLC v. [DCED]* (Pa. Cmwlth., No. 539 M.D. 2019); *Affluent Ads, LLC v. [DCED]* (Pa. Cmwlth., No. 556 M.D. 2019); *Int'l Web Servs., LLP v. [DCED]* (Pa. Cmwlth., No. 557 M.D. 2019); *Nolimit Sols., LLC v. [DCED]* (Pa. Cmwlth., No. 558 M.D. 2019); *Red Spark, LP v. [DCED]* (Pa. Cmwlth., No. 559 M.D. 2019); *REVZR Tech Strategies LP v. [DCED]* (Pa. Cmwlth., No. 560 M.D. 2019).

Section 7533 of the DJA provides that "[a]ny person … whose rights, status, or other legal relations are affected by a statute … may have determined any question of construction or validity arising under the … statute … and obtain a declaration of rights, status, or other legal relations thereunder." 42 Pa. C.S. §7533. Declaratory judgment is thus appropriate to declare the meaning of a statute. *See Bayada Nurses, Inc. v. Dep't of Labor & Indus.*, 8 A.3d 866 (Pa. 2010).

This Court's ruling on declaratory judgment is committed to our sound discretion. *GTECH Corp. v. Dep't of Revenue*, 965 A.2d 1276 (Pa. Cmwlth. 2009). Because the issue presented is one of statutory interpretation, which is a pure question of law, our review is plenary. *Com. v. Giulian*, 141 A.3d 1262 (Pa. 2016).

## 1. Statutory Provisions in KOZ Act

We begin by reviewing the applicable provisions within the KOZ Act. The construction of Section 307 of the KOZ Act presents a matter of first impression.

Since its enactment, the KOZ Act has been amended to add new zone types such as KOEZs and KOIZs and to allow DCED to authorize new types of subzones. However, and relevant here, Section 307 has not materially changed. Section 307 of the KOZ Act, entitled "Qualified Businesses," states in full:

> (a) Qualifications.**--**In order to qualify each year for a tax exemption, deduction, abatement or credit under this act, a business shall own or lease real property in a subzone, improvement subzone or expansion subzone from which the business actively conducts a trade, profession or business. The qualified business shall receive certification from [DCED] that the business is located and is in the active conduct of a trade, profession or business, within the subzone, improvement

8

subzone or expansion subzone. The business shall obtain annual renewal of the certification from [DCED] to continue to qualify under this section. The certification form shall include, but not be limited to, all of the following:

(1) The type and duration of the zone designation.

(2) The number of jobs created.

(3) The number of jobs retained.

(4) The amount of capital investment.

(5) Any other information, conditions or requirements reasonably required by [DCED].

(b) Relocation.--Any business that relocates from outside a subzone, improvement subzone or expansion subzone into a subzone, improvement subzone or expansion subzone shall not receive any of the exemptions, deductions, abatements or credits set forth in this act unless that business does one of the following:

(1) increases full-time employment by at least 20% in the first full year of operation within the subzone, improvement subzone or expansion subzone;

(2) makes a capital investment in the property located within the subzone, improvement subzone or expansion subzone at least equivalent to 10% of the gross revenues of that business in the immediately preceding calendar or fiscal year; or

(3) enters into a lease agreement for property located within the subzone, improvement subzone or expansion subzone:

(i) for a term at least equivalent to the **duration** of the subzone, improvement subzone or expansion subzone; and

(ii) with aggregate payment under the lease agreement at least equivalent to 5% of the gross revenues of that

9

> business in the immediately preceding calendar or fiscal year.
>
> [DCED], in consultation with the Department of Revenue, may waive or modify the requirements of this subsection, as appropriate.

73 P.S. §820.307 (emphasis added).

> Section 102 of the KOZ Act includes the following legislative findings:
>
> (1) There exist in this Commonwealth areas of economic distress characterized by high unemployment, low investment of new capital, inadequate dwelling conditions, blighted conditions, underutilized, obsolete or abandoned industrial, commercial and residential structures and deteriorating tax bases.
>
> (2) These areas require coordinated efforts by private and public entities to restore prosperity and enable the areas to make significant contributions to the economic and social life of this Commonwealth.
>
> (3) Long-term economic viability of these areas requires the cooperative involvement of residents, businesses, State and local elected officials and community organizations. It is in the best interest of the Commonwealth to assist and encourage the creation of keystone opportunity zones and keystone opportunity expansion zones and to provide temporary relief from certain taxes within the zones to accomplish the purposes of this act.

73 P.S. §820.102. Section 1305 provides: "This act shall be interpreted to ensure that all provisions relating to State and local tax exemptions, deductions, abatements and credits are strictly construed in favor of the Commonwealth." 73 P.S. §820.1305.

## 2. Declaration of Meaning of Section 307(b)

Dechert argues the plain language of Section 307(b) allows its plan to relocate "from outside" a Zone and "into" the Zone with the proposed JFK Towers.

10

73 P.S. §820.307(b). It states in pertinent part: "Any business that relocates from outside a [Zone] into a [Zone] shall not receive any of the [KOZ benefits] unless that business" meets one of the criteria for economic development.[9] *Id.*

We construe the meaning of the provisions in the KOZ Act pursuant to the principles set forth in the Statutory Construction Act of 1972, 1 Pa. C.S. §§1501-1991. Our goal in statutory interpretation is to ascertain and effectuate the intention of the General Assembly. *See* 1 Pa. C.S. §§1903(a), 1921(b). "Where the words of a statute are clear and free from ambiguity the legislative intent is to be gleaned from those very words." *Pa. Fin. Resp. Assigned Claims Plan v. English*, 664 A.2d 84, 87 (Pa. 1995). Only when the words of a statute are not explicit, *i.e.*, ambiguous, will we resort to other means to discern legislative intent. 1 Pa. C.S. §1921(c).

Where the statute is ambiguous, the interpretation of the agency charged with its enforcement will be given deference, unless it is clearly erroneous. *Summit Sch., Inc. v. Dep't of Educ.*, 108 A.3d 192 (Pa. Cmwlth. 2015). However, "when the statute is unambiguous, such administrative interpretation carries little weight." *Lancaster Cty. v. Pa. Labor Relations Bd.*, 94 A.3d 979, 986 (Pa. 2014) (citations omitted). Thus, it is critical at the outset to determine whether the statutory language at issue qualifies as ambiguous.

A statutory provision is ambiguous when it is capable of two reasonable interpretations. *A.S. v. Pa. State Police*, 143 A.3d 896 (Pa. 2016). But such an

---

[9] Section 307(b) of the KOZ Act also requires a business to (1) increase full-time employment by at least 20%; (2) make a capital investment in the property; or (3) enter into a lease for property in the Zone for its active term. Dechert concedes it must meet one of these criteria.

11

interpretation must be supported by its language, and when words of a statute are clear, we construe them "according to their common and approved usage." 1 Pa. C.S. §1903.

Importantly, DCED does not offer a different construction of the terms contained in Section 307(b) (from "outside" a Zone and "into" a Zone). Rather, DCED asks this Court to disregard the statute's plain meaning in favor of its proffered construction of the statute's silence as a prohibition. It contends that the terms should *not* be construed in accordance with their plain meaning because that would permit businesses like Dechert to abandon the Expired Zone and pursue additional KOZ benefits in the Active Zone. DCED posits that such a construction is inconsistent with legislative intent and allows an absurd result. We disagree.

We do not construe statutory silence as ambiguity. Indeed, we not only review what the statute says; we "must also listen attentively to what it does not say." *Giulian*, 141 A.3d at 1268 (emphasis added); *see E. Coast Vapor, LLC v. Pa. Dep't of Revenue*, 189 A.3d 504, 519 (Pa. Cmwlth. 2018) (*en banc*) (reasoning this Court may not adopt an agency's interpretation and "add terms to the [statute] under the guise of interpreting it" as the legislature could have easily included such terms but "did not do so"). We observe no ambiguity triggering deference to DCED's construction of the KOZ Act to impose a limitation that it does not contain.[10]

---

[10] DCED construed the KOZ Act to prohibit "zone hopping" because businesses were to be given temporary relief from certain taxes. It argues that it is absurd for Philadelphia to subsidize business relocations to leave a zone in which hundreds of millions of dollars in tax credits have been invested. However, a business may leave a zone after KOZ benefits expire without constraints that it retain its business in an expired zone, or even in the Commonwealth.

12

The plain language of Section 307(b) entitles a qualified business to KOZ benefits when it "relocates <u>from</u> outside a subzone" and meets one of the three other requirements. 73 P.S. §820.307(b) (emphasis added). The statute delineates between a business already located in a KOZ and a business seeking to "relocate" to a new KOZ without addressing the zone status of the business's location *before* relocating. Section 307(b) addresses duration only with respect to the lease term option, stating the lease must be for the duration of the Zone, meaning a tenant may not leave before expiration of the Zone. *See* 73 P.S. §820.307(b)(3).

Because Dechert is located in the Cira Centre, for which the KOZ status expired in 2018, Dechert is relocating "from outside a subzone." *Id.* Further, it is relocating "from outside" the Active Zone covering the location of JFK Towers. Relocation in this context focuses only on the Zone into which a business is relocating, and the statute is silent regarding the KOZ status of the area the business is leaving.[11] Thus, by its plain language, the KOZ Act permits "relocation" from outside a zone.

DCED's prohibition on 'zone-hopping' is simply not contained in the statute. Contrary to DCED's proffered application, the KOZ Act does not impose a "one and done" rule whereby a qualified business may only receive KOZ tax benefits once. Because DCED cannot engraft additions upon the KOZ Act that the legislature did not impose, its extension of the KOZ Act to bar Dechert's proposed movement from the Expired Zone into the Active Zone is not supportable.

---

[11] We addressed relocation from an <u>active</u> Zone under the KOZ Act in *Vetri Navy Yard, LLC v. Department of Community & Economic Development*, 189 A.3d 1137 (Pa. Cmwlth. 2018). There, a business relocated to a KOZ where it opened a restaurant, but left the Zone <u>before</u> the term expired. The question was whether the tax benefits it enjoyed before leaving the Zone were subject to recapture. Here, Dechert is not leaving an active Zone, and there is no dispute that it contributed to the community and actively conducted business in that Zone during its full term.

Although repeatedly admitting the KOZ Act is silent on the matter, *see* Dechert's Br. at 16-17, DCED nonetheless maintains that it would yield an absurd result to construe the KOZ Act in accordance with its terms. *Cf.* 1 Pa. C.S. §1922(1) (courts should construe language to avoid an absurd result). However, this Court may not ignore the plain meaning of the statute under the pretext of pursuing its spirit. *In re Appeal of Bd. of Comm'rs of Cheltenham Twp.*, 211 A.3d 845 (Pa. 2019); *see* 1 Pa. C.S. §1921(b). By construing that silence as a prohibition on movement out of the Expired Zone into the Active Zone, DCED disregarded established principles of statutory construction and exceeded its authority. *See Harmon v. Unemployment Comp. Bd. of Review*, 207 A.3d 292 (Pa. 2019).

We are cognizant of the impact of our interpretation and that its effects may generate a legislative response. But *DCED* may not engraft restrictions upon a statute it administers to advance its policy goals. *E. Coast Vapor.* To the extent DCED believes the statute should prohibit movement from an expired Zone to an active Zone, that end implicates a legislative remedy beyond its purview or that of this Court.[12]

In sum, considering the explicit legislative findings in Section 102(3), that the KOZ Act established *temporary*, not perpetual, tax relief, we discern no violation of legislative intent to allow the future relocation of businesses that benefited from the KOZ status from an expired Zone and into an active Zone. The KOZ Act does not restrict the movement of a business's physical location out of an

---

[12] Moreover, the legislative history of the KOZ Act at the time of enactment reflects a contrary intent to DCED's proposal. In fact, DCED draws this Court's attention to comments of Representative Sturla asserting the necessity for a penalty for leaving a Zone within a certain period of time following its expiration. Notably, however, the legislature declined to impose such a post-expiration limitation. *See* DCED's Br. at 23-24

expired Zone for a certain period of time. Just as the benefits are of finite duration, the timeframe within which a qualified business must remain a resident of a Zone without relinquishing past KOZ benefits is likewise finite.

The ultimate goal of raising economic vitality of distressed areas is met when a resident of an expired Zone chooses to relocate to an active Zone as opposed to leaving the Commonwealth altogether, and taking the jobs and associated benefits and fund sources with it. Indeed, incentivizing large employers and vital commercial areas to remain in Philadelphia was precisely the purpose of the KOZ Act. As such, construing the KOZ Act to preclude DCED's unsupported policy judgment restricting movement from an expired Zone into an active Zone is consistent with the plain language of Section 307(b), the legislative findings in Section 102 and the principle contained in Section 1305. Therefore, based on the plain language of Section 307(b), we declare that the KOZ Act does not restrict or penalize the relocation of a qualified business from an expired Zone into an active Zone.

**B. Summary Relief**

Applications for summary relief are governed by Pa. R.A.P. 1532(b). It provides: "At any time after the filing of a petition for review in an … original jurisdiction matter the court may on application enter judgment if the right of the applicant thereto is clear." *Id.* "An application for summary relief may be granted if a party's right to judgment is clear and no material issues of fact are in dispute." *Eleven Eleven*, 169 A.3d at 145 (citation omitted); *see Hosp. & Healthsys. Ass'n of Pa. v. Com.*, 77 A.3d 587 (Pa. 2013). In ruling on an application for summary relief, we view the record in the light most favorable to the non-moving party. *Id.*

15

Because the meaning of Section 307(b) and the relocation requirements presented a pure question of law, based on agreed upon facts as set forth in DCED's Letter Ruling and Dechert's Petition, as well as the Unopposed Motion for Stay, summary relief may be granted.

Accordingly, we grant summary relief to Dechert on Count II of its Petition and enter judgment on its declaratory judgment claim in its favor. As such, we dismiss DCED's preliminary objections as moot. Because the relief is virtually identical in both counts, and we do not recognize the Letter Ruling as a final determination properly within our appellate jurisdiction, we dismiss Count I of the Petition.

### III. Conclusion

For the foregoing reasons, we grant Dechert the declaratory relief sought in Count II of its Petition. We declare that DCED overstepped its authority by construing a prohibition into the KOZ Act that is not express nor implied. Provided a business qualifies under the KOZ Act, and meets the express relocation requirements, then the movement from an expired zone into an active zone is not grounds for deeming a business unqualified for the tax benefits under the KOZ Act. Provided Dechert otherwise satisfies the requirements in Section 307(b) of the KOZ Act, Dechert may receive full KOZ benefits should it relocate into the Active Zone.

_____
J. ANDREW CROMPTON, Judge

Judge Fizzano Cannon did not participate in the decision of this case.

16

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dechert LLP,
               Petitioner

v.                :   No. 442 M.D. 2019

Pennsylvania Department of
Community and Economic
Development,
               Respondent

## O R D E R

**AND NOW**, this 23rd day of June 2020, Count II of Petitioner Dechert LLP's (Dechert) Petition for Review, seeking declaratory relief, which we treat as an application for summary relief, is GRANTED, and the Department of Community and Economic Development's (DCED) preliminary objections are therefore DISMISSED AS MOOT.

Accordingly, we DECLARE that DCED's statutory construction of the Keystone Opportunity Zone, Keystone Opportunity Expansion Zone and Keystone Opportunity Improvement Zone Act[1] to preclude a qualified business from receiving full benefits when it relocates from an expired zone into an active zone is unsupported by the plain language in the statute, and it shall not be so construed.

The remainder of the Petition for Review invoking our appellate jurisdiction is DISMISSED.

                            _____
                            J. ANDREW CROMPTON, Judge

---

[1] Act of October 6, 1998, P.L. 705, *as amended*, 73 P.S. §§820.101-820.1308.